## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------

KIA McJETT                          :
                                    :
        v.                          :          NO. 15-CV-00728
                                    :
STATE FARM MUTUAL AUTOMOBILE        :
INSURANCE COMPANY                   :
                                    :

------------------------------------------------------

### AMENDED COMPLAINT

Plaintiff, Kia McJett, by and through her attorneys, Ominsky & Ominsky, P.C., submits her

Amended Complaint as follows:

### PARTIES

1.      Plaintiff, Kia McJett, is an adult individual residing at 8218 Temple Road,

Philadelphia, Pennsylvania 19150.

2.      Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a

corporation or other business entity authorized to conduct business in the Commonwealth of

Pennsylvania with a place of business located at One State Farm Plaza, Bloomington, Illinois 61710-

0001.

### FACTS

3.      Plaintiff incorporates by reference the matters set forth above as if fully set forth

herein.

4.      At all times material hereto, plaintiff was insured by defendant under an insurance

policy containing underinsured motorist coverage in the amount of $100,000.00 per person and

$300,000.00 per accident, along with other coverages and benefits as set forth in the Policy and coverage declarations.

5.    The aforesaid policy issued by defendant was in effect on April 3, 2013.

6.    On the aforesaid date, at approximately 5:15 p.m., on the 100 block of N. Pottstown Pike, southbound, in West Whiteland Township, Pennsylvania, the motor vehicle operated by plaintiff was struck by a vehicle operated by an underinsured motor vehicle causing the plaintiff to suffer serious bodily injuries and serious impairment of her bodily function.

7.    The aforesaid motor vehicle collision was caused by the carelessness, recklessness and negligence of the operator of the underinsured motor vehicle and consisted of the following:

      (a)    proceeding from a stopped position when it was not safe to do so;

      (b)    hearing, but failing to heed, plaintiff's warning;

      (c)    failing to respond after plaintiff sounded her horn;

      (d)    failing to have said vehicle under proper and adequate control under the circumstances;

      (e)    failing to give proper and sufficient warning of the approach of her vehicle;

      (f)    failure to have due regard for the point and position of said motor vehicle containing plaintiff;

      (g)    failure to sound a warning;

      (h)    failing to observe a clear assured distance ahead;

      (i)    failing to yield to other vehicles on the road;

      (j)    failing to stop for other vehicles;

2

(k)    operating said vehicle without due respect for the rights, safety and position of other vehicles on the road, including plaintiff's;

(l)    failing to observe plaintiff's vehicle;

(m)    striking plaintiff's vehicle;

(n)    failing to maintain a safe assured clear distance from plaintiff's vehicle;

(o)    failing to have defendant's motor vehicle under proper control so as to prevent the vehicle from striking plaintiff's motor vehicle;

(p)    failing to keep a proper lookout;

(q)    failing to use due care under the circumstances;

(r)    failing to notice the motor vehicle of the plaintiff;

(s)    failing to take evasive action to avoid impacting other vehicles, including plaintiff's vehicle;

(t)    failing to apply the brakes in sufficient time to avoid striking plaintiff's vehicle;

(u)    failing to operate the vehicle in a safe and proper manner; and

(v)    operating a motor vehicle in disregard of the rules of the road, municipal ordinances, and the laws of the Commonwealth of Pennsylvania.

8.    As a direct and proximate result of the accident, plaintiff was caused to suffer severe, permanent and disabling injuries to her neck, back and left upper extremity by reason of which she was rendered sick, sore, lame, prostrate and disordered and was made to undergo great mental anguish, anxiety and physical pain and, as a result of which, she has suffered, yet suffers and will

3

continue to suffer for an indefinite period of time in the future.  Plaintiff has suffered a serious impairment of her bodily function requiring her to undergo surgery, injections and other treatment.

9.      Plaintiff has been compelled, in order to attempt to effect a cure of the aforesaid injuries, to expend large and various sums of money for medical care, medicine and medical attention and will be required to expend large sums of money for the same purposes in the future.

10.     Plaintiff has been and may continue to be prevented from attending to her usual duties, occupations and activities.

11.     As a result of the accident, plaintiff has suffered wage losses and may continue to suffer wage losses and  a loss of earning capacity in the future to her great financial damage and expense.

12.     As a result of the aforesaid motor vehicle collision, plaintiff sustained injuries, damages, and losses with a value in excess of the limits of liability for said underinsured motor vehicle, namely $15,000 per person/$30,000 per accident.

13.     Pursuant to the underinsured motorist policy issued by defendant, plaintiff is entitled to recover underinsured motorist benefits from defendant.

14.     An underinsured motorist claim was promptly made to defendant on behalf of plaintiff.

15.     Defendant represented that plaintiff only had $25,000.00 per person and $50,000.00 per accident of underinsured motorist benefits, when it knew or should have known she had underinsured motorist coverage of $100,000.00 per person and $300,000.00 per accident.

16.     Despite receipt of clear evidence that the third-party tortfeasor, Courtney Halbruner, violated Pennsylvania motor vehicle laws by proceeding from a stopped position when it was not

4

safe to do so (*see*, 75 Pa.C.S.A. § 3333) and caused the accident, and despite defendant's own determination that Ms. Halbruner hit Ms. McJett and ran ("V2 hit V1 and ran") in its Facts of Loss, defendant unreasonably determined in bad faith that plaintiff "was more than 50% at fault for the accident with Ms. Halbruner."

17.     At the request of defendant, plaintiff responded to multiple document requests in consideration of defendant's fair and proper resolution of her underinsured motorist claim.

18.     At the request of defendant, plaintiff executed no less than ten (10) separate authorizations/releases in consideration of defendant's fair and proper resolution of her underinsured motorist claim.

19.     At the request of defendant, plaintiff submitted to an examination under oath in consideration of defendant's fair and proper resolution of her underinsured motorist claim.

20.     Despite clear evidence of a serious impairment of bodily function causally related to the subject accident, including injuries to plaintiff's neck, back and left upper extremity, culminating on October 7, 2014 with ulnar nerve decompression and neurolysis of the left elbow, debridement and injections into the left shoulder by Lee Osterman, M.D., defendant unreasonably determined in bad faith that plaintiff did not suffer a serious impairment of bodily function.

21.     Defendant determined in bad faith that plaintiff did not suffer a serious impairment of bodily function without requesting plaintiff undergo an independent medical evaluation that would confirm the serious impairment of bodily function she suffered as a result of the subject accident.

22.     At all times material hereto, plaintiff has fully complied with the terms of the policy issued to plaintiff, but defendant has failed and refused to honor its obligations and duties to plaintiff.

5

## COUNT I
## BREACH OF CONTRACT

23.     Plaintiff incorporates by reference the matters set forth above as if fully set forth herein.

24.     On the date and time of the accident, plaintiff was a named insured under State Farm Insurance Policy No. 216-5588-C20-38.  A true and correct copy of the Insurance Declarations and Policy were attached to the original Complaint as Exhibit "A" and incorporated by reference herein.

25.     At all times material hereto, plaintiff fully paid and was entitled to insurance coverage and payment of underinsured motorist benefits pursuant to State Farm's Policy of Insurance  and other coverages and benefits as set forth in the Insurance Declarations and Policy of Insurance.

26.     At all times material hereto, plaintiff performed all of her obligations under the insurance policy in effect between the parties and paid all premiums accruing on the policy.

27.     Plaintiff has performed all conditions, including conditions precedent and conditions subsequent under the insurance contract entitling plaintiff to performance by State Farm.

28.     State Farm has refused, despite demand, to perform its contractual obligations to plaintiff.

29.     State Farm has breached its contractual duty to plaintiff pursuant to the terms of its insurance contract by failing to make payment and provide underinsured motorist coverage to plaintiff.

30.     State Farm's breach of contract has caused plaintiff to suffer damages.

WHEREFORE, plaintiff demands judgment against State Farm, together with interest, court costs and such other and further relief the court deems just and proper.

6

## COUNT II
## BAD FAITH

31.    Plaintiff incorporates by reference the matters set forth above as if fully set forth herein.

32.    State Farm is subject to the Pennsylvania Bad Faith Act, 42 Pa. C.S.A. § 8371.

33.    The conduct of State Farm in refusing to honor its obligations under said insurance policy constitutes bad faith conduct by defendant.  Specifically, the acts and omissions of State Farm constituting bad faith include, but are not limited to:

(a)    representing that plaintiff only had $25,000.00 of underinsured motorist benefits, when it knew or should have known she had $100,000.00 of coverage;

(b)    failing to properly and timely pay benefits to plaintiff;

(c)    failing to fairly and objectively evaluate plaintiff's claim;

(d)    upon information and belief, requiring plaintiff to undergo an extensive evaluation under oath, despite its intention to deny plaintiff's claim;

(e)    failing to have plaintiff undergo an independent medical examination, which would confirm the serious impairment of bodily function suffered by plaintiff;

(f)    upon information and belief, requesting plaintiff continue to provide medical records and execute multiple releases and authorizations despite defendant's prior determinations and intent to deny plaintiff's claim;

7

(g)    providing arbitrary, capricious and spurious reasons for denying plaintiff's claim;

(h)    unnecessarily and unreasonably compelling legal action by plaintiff in an effort to obtain the benefits to which plaintiff is entitled;

(i)    failing to properly investigate plaintiff's claim;

(j)    failing to effectuate the prompt, fair and equitable settlement of plaintiff's claim in good faith;

(k)    failing to negotiate plaintiff's underinsured motorist claim;

(l)    failing to comply with the terms of the insurance contract;

(m)    failing to comply with the reasonable expectations of its insured;

(n)    failing to request a defense medical examination of plaintiff;

(o)    engaging in fraudulent conduct;

(p)    advertising its product with the intent of not performing as advertised;

(q)    attempting to avoid making payments of money to plaintiff;

(r)    failing to timely make payment of medical benefits to plaintiff's providers;

(s)    causing plaintiff to be subjected to suit and/or other collection efforts;

(t)    accepting payments of premiums, but failing to provide insurance benefits and coverage to plaintiff;

(u)    failing to comply with the requirements of 31 Pa. Code § 64.1, *et seq.*; and

(v)    unreasonably delaying resolution of plaintiff's claim.

34.    Despite receipt of clear evidence that the third-party tortfeasor, Courtney Halbruner, violated the Pennsylvania Motor Vehicle Code and caused the accident, and defendant's own

8

determination that Ms. Halbruner hit Ms. McJett and ran ("V2 hit V1 and ran") in its Facts of Loss, defendant unreasonably determined in bad faith that plaintiff "was more than 50% at fault for the accident with Ms. Halbruner."

35.     State Farm's outrageous, willful, and wanton conduct entitles plaintiff to an award of punitive damages in an amount sufficient to punish defendant for its improper conduct and deter defendant from engaging in such outrageous conduct in the future.

36.     Pursuant to 42 Pa. C.S.A. § 8371, plaintiff is entitled to interest in an amount equal to the prime rate of interest plus 3%, punitive damages, court costs and attorney fees.

WHEREFORE, plaintiff demands judgment against State Farm for actual and punitive damages, together with interest, court costs, attorneys' fees and such other and further relief the court deems just and proper.

## JURY TRIAL DEMANDED

OMINSKY & OMINSKY, P.C.

By:_____

Andrew M. Ominsky, Esquire
Two Penn Center, Suite 1203
1500 John F. Kennedy Boulevard
Philadelphia, PA 191012
Phone: (215) 568-4500
Attorney for Plaintiff

Dated:  April 15, 2015

## CERTIFICATE OF SERVICE

I hereby certify that plaintiff's Amended Complaint was served electronically on the following parties:

Katherine Cole Douglas, Esquire
Bennett, Bricklin & Saltzburg, LLC
1601 Market Street, 16th Floor
Philadelphia, PA 19103
douglas@bbs-law.com

Joseph M. Hankins, Esquire
Christine M. Harris, Esquire
Britt, Hankins & Moughan
Two Penn Center, Suite 515
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102-1888
jhankins@britthankins.com
charris@britthankins.com

_____
Andrew M. Ominsky, Esquire
Attorney for Plaintiff

Dated:   April 15, 2015

10